UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN MADDALENI | No. 15 CR 106<br><br>Matthew F. Kennelly<br>Acting Chief Judge |

**AGREED MOTION FOR AN EXTENSION OF TIME
TO RETURN AN INDICTMENT OR FILE AN INFORMATION**

The UNITED STATES OF AMERICA, through ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully moves this Court for an extension of time, to and including May 1, 2015, in which to seek the return of an indictment or file an information against defendant Brian Maddaleni, pursuant to Title 21, United States Code, Section 846. In support of this agreed motion, the government states as follows:

**Background**

1. On March 4, 2015, defendant was arrested by law enforcement officers based on probable cause for attempted possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. On March 5, 2015, defendant was charged by criminal complaint. R. 1.

2. Also on March 5, 2015, defendant appeared before Magistrate Judge Young B. Kim for an initial appearance. R. 2. Sergio Rodriguez, of the Federal Defender's Office, was appointed counsel. R. 2 and 3.

3. On March 6, 2015, the government and defense counsel agreed to a bond, and defendant was released on bond with conditions. R. 6.

4. On March 18, 2015, defendant retained attorney Kevin P. Bolger as private counsel. R. 12.

5. The government has provided defendant with early discovery and will continue to produce additional discovery to defendant.

### Argument

6. According to the Speedy Trial Act, the government must file any information or indictment charging an individual with the commission of an offense within thirty days from the date on which the individual was arrested. 18 U.S.C. § 3161(b). Time may be excluded from the computation of this thirty-day period if a judge grants a motion for a continuance made by the government upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and public in a speedy trial. *Id.* § 3161(h)(7)(A); *see also United States v. Adams*, 625 F.3d 371, 378-79 (7th Cir. 2010). In granting a motion for the exclusion of time, courts may consider whether "delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within" 30 days of the arrest, 18 U.S.C. § 3161(h)(7)(B)(iii), or "[w]hether the failure to grant a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. Because defendant was arrested on March 4, 2015, the current thirty-day deadline for an indictment or information to be filed against defendant is April

3, 2015. As explained in the government's sealed Attachment to this motion, the government believes that the ends of justice would be served by granting a continuance for the deadline to indict or file an information under the Speedy Trial Act.

8. The government has spoken with counsel for defendant, who has agreed to this motion.

## Conclusion

For these reasons, and for the reasons set forth in the government's sealed Attachment, the United States respectfully requests that this Court grant this Motion and extend time for the return of an indictment or for filing an information to, and including, May 1, 2015.

Respectfully submitted,
ZACHARY T. FARDON
United States Attorney

By: *s/ Sean K. Driscoll*
SEAN K. DRISCOLL
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469-6151